UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAROLD KEELY,                           )
                                        )    COMPLAINT
                    Plaintiff,          )
                                        )
-vs-                                    )    DOCKET NO.
                                        )
DEPARTMENT OF VETERANS AFFAIRS,         )    JUDGE
d/b/a VETERANS ADMINISTRATION           )
MEDICAL CENTER, SAGINAW, MI,            )
an agency of the UNITED STATES OF       )
AMERICA,                                )
                                        )
                    Defendant.          )

_____

SOMMERS SCHWARTZ, P.C.
RICHARD L. GROFFSKY (P32992)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI  48075-1100
(248) 355-0300
_____/

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER   •   SUITE 900   •   SOUTHFIELD, MICHIGAN 48075   •   (248) 355-0300

## COMPLAINT

NOW COMES Plaintiff, DAROLD KEELY, by and through his attorneys, SOMMERS SCHWARTZ, P.C., and complaining against the above-named Defendant, states as follows:

1.     That this action is brought against the DEPARTMENT OF VETERANS AFFAIRS d/b/a VETERANS ADMINISTRATION MEDICAL CENTER, SAGINAW, MI, an agency of the UNITED STATES OF AMERICA, under the Federal Tort Claims Act, 28 USC 1346(b); 2671 et seq.

2. That Plaintiff DAROLD KEELY is a resident of the City of Flint, County of Genesee, State of Michigan.

3. That at all times pertinent hereto, Defendant UNITED STATES OF AMERICA by and through its agency, DEPARTMENT OF VETERANS AFFAIRS, was actively involved in operating and maintaining a Medical Center commonly known as the VETERANS ADMINISTRATION MEDICAL CENTER, SAGINAW (hereinafter referred to as Defendant "MEDICAL CENTER"), in the City of Saginaw, County of Saginaw, State of Michigan; and that at all times relevant hereto, and for many years past, said Defendant has been engaged in the operation of said MEDICAL CENTER where persons afflicted with illness and disease are given care and treatment for a consideration.

4. That at all times pertinent hereto, Defendant MEDICAL CENTER represented and held out to the public and, in particular, to Plaintiff DAROLD KEELY, that said MEDICAL CENTER was equipped, qualified and prepared to receive the public, and, in particular, Plaintiff DAROLD KEELY, for care and treatment and that it employed and maintained on its staff skilled and competent physicians, surgeons, radiologists, nurses and, in general, otherwise competent help in the conduct and operation of said MEDICAL CENTER.

5. That on or about March 16, 2007, August 1, 2007 and March 21, 2008, Plaintiff DAROLD KEELY, did deliver and submit himself to Defendant MEDICAL CENTER for the purpose of undergoing medical care and treatment, and Plaintiff did, then and there, impliedly and/or expressly, hire and employ Defendant MEDICAL

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

CENTER, its agents, servants and/or employees, to do that which was proper and necessary in the premises in accordance with the standards of care for medical centers then prevailing, and that said Defendant did, then and there, impliedly and/or expressly represent to use due, reasonable and proper skill in the care and treatment of Plaintiff DAROLD KEELY.

     6.     That at all times pertinent hereto Defendant MEDICAL CENTER, by and through its duly authorized agents, servants and/or employees, undertook to examine, diagnose, treat, attend and care for Plaintiff DAROLD KEELY.

     7.     That at all times pertinent hereto Defendant MEDICAL CENTER, by and through its duly authorized agents, servants and/or employees, had the duty to provide Plaintiff DAROLD KEELY with the services of a competent, qualified and licensed staff of physicians, surgeons, radiologists, nurses and other employees to properly diagnose his condition and to render competent advice and assistance in the care and treatment of his case, and to render same in accordance with the applicable standards of care then prevailing throughout the nation and/or to render the same in accordance with the standards of practice in the same or similar communities.

     8.     That the Defendant, DEPARTMENT OF VETERANS AFFAIRS, d/b/a VETERANS ADMINISTRATION MEDICAL CENTER, SAGINAW, MI, an agency of the UNITED STATES OF AMERICA, by and through its authorized agents, servants and/or employees, in disregard of its duties and obligations owed to Plaintiff DAROLD KEELY, and at variance to the applicable standards of care, was guilty of negligence and malpractice in the following particulars:

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

a.    Employing physicians, surgeons, radiologists, nurses, technicians and other personnel who were untrained and unskilled for such employment and in permitting them to attend, advise, diagnose, treat and care for Plaintiff DAROLD KEELY;

b.    Failing to possess that degree of skill and learning ordinarily possessed by physicians and surgeons specializing in the field of family medicine;

c.    Failing to exercise and employ the requisite degree of skill and knowledge in their treatment of Plaintiff DAROLD KEELY;

d.    Failing and neglecting to have Plaintiff DAROLD KEELY return to Defendant MEDICAL CENTER for a rectal examination, ultrasound and biopsy of his prostate, when the elevated PSA of March 2007 became known;

e.    Failing and neglecting to immediately refer Plaintiff DAROLD KEELY  to a urologist after the lab reported the March 16, 2007 PSA level and it was found to be elevated;

f.    Negligently and improperly advising Plaintiff DAROLD KEELY  to return in 3 months for a repeat PSA test, all of which could and should have been avoided, and when immediate action in the form of rectal examination, ultrasound and biopsy of the prostate, and a referral to a urologist was mandated;

g.    Failing to possess that degree of skill and learning ordinarily possessed by registered nurses;

h.    Failing and neglecting to initiate an evaluation of Plaintiff DAROLD KEELY'S prostate when the elevated PSA of March 2007 was known, or should have been known, and after each of the elevated PSA results of August 2007 and March 2008 became known, the evaluation to include a rectal exam, ultrasound and biopsy of the prostate;

i.    Failing and neglecting to immediately refer Plaintiff DAROLD KEELY to a urologist after each elevated PSA level was reported and as noted in Defendant MEDICAL CENTER chart beginning with the elevated PSA level of March 16,

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

2007, and the additional elevated PSA levels of August 1, 2007 and March 21, 2008;

j.    Failing and neglecting to draft, promulgate, adopt, implement and/or enforce appropriate rules, regulations, policies, procedures and orders which would and should have resulted in the appropriate and timely treatment of Plaintiff DAROLD KEELY'S condition as herein alleged, all of which could and should have been accomplished;

9.    That as a direct and proximate result of the negligence and malpractice of the Defendant, by and through its duly authorized agents, servants and/or employees, Plaintiff DAROLD KEELY was not timely referred to a urologist for further testing, including ultrasound and biopsy of the prostate, which would have occurred and would have revealed the presence of prostate cancer at an early stage, and would have allowed for definitive and curative surgical treatment for same.  As a result of the delay, Plaintiff DAROLD KEELY developed advanced prostate cancer, and has been required to undergo extensive and unnecessary surgery, chemotherapy and radiation therapy and has also suffered a diminution in his prognosis and life expectancy, along with wage loss and unnecessary expenses.

10.    That as a further direct and proximate result of the negligence and malpractice of the Defendant, by and through its duly authorized agents, servants, and/or employees, as hereinbefore alleged, Plaintiff DAROLD KEELY has been caused to suffer a deprivation of the normal enjoyments of life, as well as suffering pain, disfigurement, discomfort, humiliation, embarrassment, mental and emotional anguish and anxiety.  All of these conditions are consequences of Defendant's negligence and malpractice, and are permanent and will continue indefinitely in the future.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

11.　That as a further direct and proximate result of the negligence and malpractice of the Defendant, by and through its duly authorized agents, servants, and/or employees, as hereinbefore alleged, Plaintiff DAROLD KEELY has been required to undergo medical care and treatment, and will be required to undergo medical care and treatment in the future requiring Plaintiff to incur expenses and obligations for medical expenses, including, but not limited to, therapists, nurses, physicians, hospitals, and medicinal substances and things for the care of said Plaintiff, and said Plaintiff will, in the future, be required to make similar expenditures and incur similar obligations so as to permit him to function and live to the extent that is now possible.

12.　That all of the hereinbefore-named conditions, developments, and sequelae are as a consequence of the Defendant's negligence and malpractice, and are permanent in nature.

WHEREFORE, Plaintiff DAROLD KEELY, claims judgment against the Defendant, DEPARTMENT OF VETERANS AFFAIRS, d/b/a VETERANS ADMINISTRATION MEDICAL CENTER, SAGINAW, MI, an agency of the UNITED STATES OF AMERICA, for whatever amount said Plaintiff is found to be entitled, as determined by the trier of fact, together with interest, costs and attorney fees.

SOMMERS SCHWARTZ, P.C.


s/RICHARD L. GROFFSKY (P32992)
Attorneys for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075-1100
(248) 355-0300
rgroffsky@sommerspc.com

Dated:  March 16, 2010