**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAROLD KEELY,**

              **Plaintiff,**          **CIVIL ACTION NO. 10-CV-11059**

      **vs.**                 **DISTRICT JUDGE GEORGE CARAM STEEH**

**DEPARTMENT OF**
**VETERANS AFFAIRS,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**

              **Defendant.**
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO**
**AMEND ANSWER (DOCKET NO. 14)**

This matter comes before the Court on Defendant's Motion For Leave To Amend Answer filed on December 23, 2010. (Docket no. 14). Plaintiff did not file a Response. The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 15). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 16). The motion is now ready for ruling.

Defendant seeks leave to amend its Answer which was originally filed on May 24, 2010. (Docket no. 8). Defendant seeks to add a comparative negligence defense stated as follows: "Plaintiff's conduct was both a cause in fact and proximate cause of his alleged damages." (Docket no. 14-2). Defendant argues that during depositions and discovery it has come to light that Plaintiff allegedly "failed to follow the directions of his primary care nurse practitioner, Michael A. Bonner." (Docket no. 14 p. 1). Defendant submitted exhibits with his Motion to support his allegations

-1-

regarding this new information, including a transcript of Mr. Bonner's November 18, 2010 deposition. (Docket no. 14-3).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may be denied when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The appropriate test to decide whether a proposed amendment is futile is identical to the one used when considering the sufficiency of a pleading under Rule 12(b)(6). *Thiokol Corp. v. Department of Treasury, State of Mich. Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993). To deny a motion for leave to amend, the court must find at least some significant showing of prejudice to the opponent. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). In determining whether a motion to amend should be granted, the facts pleaded are taken as true. *See Chaz Constr., LLC v. Codell*, 137 Fed. Appx. 735, 739-40 (6th Cir. 2005).

The amendment that Defendant seeks to plead in its Answer is clear and well-defined. Discovery was not closed when Defendant filed its motion. Based on the facts as alleged by Defendant, the Court cannot at this time find that Defendant's proposed amendment is futile. Moreover, to deny Defendant's motion the Court would have to find significant prejudice to Plaintiff. *Moore*, 790 F.2d at 562. The Court does not find the required prejudice. Accordingly, the Court will grant Defendant's Motion to For Leave To Amend Answer.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Leave To Amend Answer (docket no. 14) is **GRANTED** and Defendant will file on or before March 10, 2011 the Amended Answer adding the defense of comparative negligence.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date

of this Order within which to file any written appeal to the District Judge as may be permissible

under 28 U.S.C. 636(b)(1).

Dated: March 3, 2011                 s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of
Record on this date.

Dated: March 3, 2011                 s/ Lisa C. Bartlett
                                     Case Manager

-3-